MERCADO, DEMANDANTE Y APELADA, *v.* ROSADO, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre reivindicación.

No. 2511.—Resuelto en marzo 17, 1922.

REIVINDICACIÓN—FRUTOS PRODUCIDOS ANTES DE FALLECER EL CAUSANTE—CAUSA DE ACCIÓN.—Aduce hechos suficientes en cuanto a la reclamación de frutos una demanda iniciada por la única heredera quien reclama también los producidos durante cierto período en que vivía su causante, pues al fallecimiento de éste todos sus derechos y acciones pasaron a la heredera única.

ID.—ID.—DESCRIPCIÓN DE LOS FRUTOS PRODUCIDOS—ALEGACIÓN SUFICIENTE.—Describe suficientemente los frutos y productos una alegación expresiva de que los demandados se habían apropiado todos los frutos producidos en la plantación de palmas de coco y árboles frutales, valorados en $150, durante tres años.

ID.—ALEGACIÓN DEL TÍTULO HEREDITARIO.—Alegándose que la demandante y su esposo habían comprado la finca objeto de la reivindicación y que el esposo había fallecido sin testamento y sin dejar sucesión, y habiéndose demostrado que a título de heredera universal la demandante era la dueña del inmueble, no era necesario hacer ninguna especificación de la participación que ella poseía a nombre propio ni cuánto heredó.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. A. A. Vázquez.*

Abogado de la apelada: *Sr. J. Alemañy Sosa.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta es una acción sobre reivindicación y reclamación de frutos y productos, en la cual la Corte de Distrito de Mayagüez, en apelación procedente de la Corte Municipal de Añasco,

dictó sentencia a favor de la parte demandante por la finca reclamada y ordenando al demandado que pague la suma de $150 por los frutos y productos.

Una causa de acción por frutos y productos iniciada por la única heredera después del fallecimiento del causante y en la cual se reclaman los frutos y productos en su propio nombre, y que comprende cierto período durante la vida del causante, será procedente, puesto que todos los derechos y acciones del causante descienden o se trasmiten al heredero. De igual modo la narración (*count*) describía suficientemente los frutos y productos al decir que los demandados se habían apropiado todos los frutos producidos en la plantación de palmas de coco y árboles frutales durante tres años. Si los demandados tenían necesidad de un pliego de particulares, su camino estaba expedito. La excepción previa a la segunda narración (*count*) fué debidamente desestimada. Así lo fué también la excepción previa a la primera narración. Alegaba la demanda que la demandante y su esposo habían comprado la finca en cuestión y que su esposo había fallecido sin otorgar testamento y sin dejar sucesión, y que por tanto ella era la única heredera. Quedó suficientemente demostrado que la demandante era la dueña de toda la propiedad. No era necesario hacer ninguna especificación de la participación que ella poseía a nombre propio. Ni tampoco cuanto heredó.

El alegato no contiene señalamientos de error; en otras palabras, la agrupación formal de todos los errores antes de ser discutidos uno a uno. Esta relación la exigen las reglas 42 y 43 de esta corte. La tercera cuestión promovida se refiere a la actuación de la corte al eliminar una parte de la contestación. Como al discutir este error el apelante no hizo un resumen de la materia eliminada, creemos que no es necesario considerarlo. La demandada no ha demostrado que haya habido prejuicio ni error.

Los demás errores se referían a la admisión de la prueba,

o a la apreciación de la misma. Uno de estos errores fué el haber sido admitido un documento no obstante el hecho de que el vendedor y los testigos, o algunos de éstos, negaron sus firmas o marcas. La venta quedó suficientemente probada *aliunde* y los testigos instrumentales se presentaron únicamente porque al parecer había cierta necesidad o se creyó que era necesaria su presentación con el fin de introducir otra prueba.

La sentencia estuvo por tanto justificada por la prueba y por consiguiente los demás errores que han sido alegados no requieren consideración especial.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociados Aldrey y Hutchison.